# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CORONA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>FERNANDO GONZALEZ, Warden,<br><br>　　　　　　　Respondent. | Civil No.　10-1066 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 7.]** |

Peter Corona, a California prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and 10-year sentence for sale, and possession for sale, of controlled substances under Cal. Health & Safety Code §§ 11352(a) and 11351, respectively. [Lodgment ("Lodg") No. 5.] Corona claims: (1) ineffective assistance of counsel; (2) violation of the Double Jeopardy clause; and (3) improper application of priors to enhance his sentences. (First Amended Petition ("FAP") at 2.) Respondent has filed a Motion to Dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). (Resp.'s Mem. of P. & A. at 3-6.) Corona has not filed an Opposition. After a thorough review, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and the Petition be **DISMISSED** as untimely.

## RELEVANT PROCEDURAL HISTORY

On May 10, 2007, a jury found Corona guilty of possessing a controlled substance for sale and the sale of a controlled substance based on evidence presented at trial that Corona sold heroin to an

undercover agent. [Lodg. No. 9, vol. 4 at 371-72.] On July 30, 2007, the Superior Court sentenced Corona to a total of 10 years, which included findings of a prior strike and four prison priors. [*Id.*, vol. 6 at 392-94.]

Corona's appointed appellate counsel filed a *Wende* brief[1] with the Court of Appeal. [Lodg. No. 2.] Corona separately filed a petition for writ of habeas corpus on March 20, 2008. [Lodg. No. 3] On May 7, 2008, the Court of Appeal consolidated Corona's pending petition for writ of habeas corpus with his appeal and simultaneously issued an order denying the petition and affirming the Superior Court judgment. [Lodg. Nos. 4 & 5.] Corona did not file a petition for review. The appellate court filed a Remittitur on July 9, 2008. [Lodg. No. 6.] On July 21, 2008, Corona filed another petition for writ of habeas corpus in the Supreme Court. [Lodg. No. 7.] This was summarily denied on January 14, 2009. [Lodg. No. 8.]

Corona filed a federal Petition for Writ of Habeas Corpus in this Court on May 17, 2010. [Doc. No. 1.] Following a dismissal of the Petition with leave to amend, he filed the current FAP on June 3, 2010. [Doc. No. 5.]

## DISCUSSION

Corona's Petition fails to meet the threshold requirement of timeliness, thus the Court's discussion addresses only the issue of the applicable statute of limitations. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002) (district court's dismissal of petition affirmed based on untimeliness without reaching other grounds for dismissal).

**A.** *Statutory Tolling*

AEDPA's one-year limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] A brief presenting no arguments but requesting that the Court review for errors. *People v. Wende*, 25 Cal. 3d 436 (1979).

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the filing of a *federal* habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

In this case, Corona did not file a petition for review of the appellate court's May 7, 2008 opinion. Therefore, Defendants argue the one-year statute of limitations began to run from June 16, 2008, at the expiration of the 40 days allowed for seeking such review. *See* § 2244(d)(1)(A); *Smith v. Duncan*, 297 F.3d 809 (9th Cir.) *abrogated on other grounds recognized by Moreno v. Harrison*, 245 Fed.Appx. 606, 608 (9th Cir. 2007). The statute was then tolled between the time Corona filed his second state petition for writ of habeas corpus with the Supreme Court on July 21, 2008 and the time the petition was denied on January 14, 2009. *See* § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (statute of limitations does not run while a properly filed *state* habeas corpus petition is pending). At that point, Defendants state Corona had until June 15, 2009 to file his federal habeas petition but did not do so until May 17, 2010. (Resp.'s Mem. of P. & A. at 4.)

Where no petition for review is filed in the California Supreme Court following direct review in the lower appellate court, the conviction becomes final, within the meaning of section 2244(d)(1)(A), on the last day the defendant could seek review of the appellate court opinion in the state Supreme Court, which is 40 days after the appellate court filed its opinion, unless that day is a holiday. *Smith*, 297 F.3d at 813. The statute of limitations begins to run the next day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001)(calculating AEDPA's one-year statute of limitations according to Federal Rule of Civil Procedure 6(a)); Fed. R. Civ. P. 6(a) ("[i]n computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins

to run shall not be included."). Corona filed his Petition in this Court long after the deadline for filing a petition for review had passed. Accordingly, his Petition is time-barred.

**B.** *Equitable Tolling*

Additionally, Petitioner is not entitled to equitable tolling. A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner has not presented or established any "extraordinary circumstances" that would entitle him to equitable tolling. *Pace*, 544 U.S. at 418.

## CONCLUSION

Petitioner failed to file his federal habeas petition within the one-year period of limitation imposed by AEDPA. He has also failed to show that he is entitled to statutory or equitable tolling. Therefore, this Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and that the Petition be **DISMISSED**.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED** that no later than December 31, 2010, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than January 12, 2011. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2010.

Nita L. Stormes
United States Magistrate Judge