# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CORONA, | CASE NO. 10cv1066-WQH-NLS |
| Petitioner, | ORDER |
| vs. | |
| FERNANDO GONZALEZ, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 8) issued by United States Magistrate Judge Nita L. Stormes, recommending that Respondent's Motion to Dismiss (ECF No. 7) be granted and the First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") (ECF No. 5) be dismissed for failure to file within the applicable statute of limitations.

**I.   Background**

On May 10, 2007, a jury found Petitioner guilty of possessing a controlled substance for sale and the sale of a controlled substance. (Lodgment No. 9, Vol. 4 at 371).

On July 30, 2007, the San Diego County Superior Court sentenced Petitioner to 10 years in prison. (Lodgment No. 9, Vol. 6 at 392).

On August 13, 2007, Petitioner filed a notice of appeal with the California Court of Appeal. (Lodgment No. 2 at 2). On March 20, 2008, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal. (Lodgment No. 3). On May 7, 2008, the Court of Appeal consolidated Petitioner's petition for writ of habeas corpus with his appeal and issued an order denying the petition and affirming the Superior Court judgment.

1  (Lodgment Nos. 4, 5). On July 9, 2008, the Court of Appeal filed a Remittitur indicating that
2  the May 7, 2008 decision had become final. (Lodgment No. 6).

3        On July 21, 2008, Petitioner filed a petition for writ of habeas corpus in the California
4  Supreme Court. (Lodgment No. 7). On January 14, 2009, the California Supreme Court
5  denied the petition. (Lodgment No. 8).

6        On May 17, 2010, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas
7  Corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). On June 3, 2010, Petitioner
8  filed the First Amended Petition. (ECF No. 5).

9        On July 27, 2010, Respondent filed a Motion to Dismiss this action and a Notice of
10  Lodgment. (ECF No. 7). Respondent contends that the Petition is barred by the one-year
11  statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996
12  ("AEDPA"), 28 U.S.C. § 2244(d).

13        The docket reflects that Petitioner did not file an opposition or response to the Motion
14  to Dismiss.

15        On December 1, 2010, the Magistrate Judge issued the Report and Recommendation.
16  (ECF No. 8). The Magistrate Judge concluded that the Petition was filed after the expiration
17  of the statute of limitations pursuant to 28 U.S.C. § 2244(d). The Report and Recommendation
18  concludes:

19      Petitioner failed to file his federal habeas petition within the one-year
20  period of limitation imposed by AEDPA. He has also failed to show that he is
    entitled to statutory or equitable tolling. Therefore, this Court RECOMMENDS
    that Respondent's Motion be GRANTED and that the Petition be DISMISSED.
21      ...

22      IT IS SO ORDERED that no later than December 31, 2010, any party to
    this action may file written objections with the Court and serve a copy on all
23      parties....

24      IT IS FURTHER ORDERED that any reply to the objections shall be
    filed with the Court and served on all parties no later than January 12, 2011.
25      The parties are advised that failure to file objections within the specified time
    may waive the right to raise those objections on appeal of the Court's order.
26
(ECF No. 8 at 4 (citations omitted)).
27
      The docket reflects that neither party filed objections to the Report and
28  Recommendation.

## II.     Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly determined that the Petition was not timely filed in this Court. *See* 28 U.S.C. § 2244(d). The Magistrate Judge correctly stated that Petitioner has failed to assert any basis for equitable tolling of the limitations period. The Court adopts the Report and Recommendation in its entirety.

## III.    Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in the Report and Recommendation and in this Order, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in

1 | dismissing the Petition as untimely.  The Court denies a certificate of appealability.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 8) is ADOPTED in its entirety, and the Motion to Dismiss (ECF No. 7) is GRANTED.  The Clerk of the Court shall enter judgment dismissing the First Amended Petition for Writ of Habeas Corpus (ECF No. 5) for failure to file this action within the statute of limitations set forth in 28 U.S.C. § 2244(d).

DATED: January 11, 2011

                                                   **WILLIAM Q. HAYES**
                                                   United States District Judge